# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-954V
Filed: July 24, 2020
UNPUBLISHED

| | |
|---|---|
| KEVIN MCGUINNESS,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Special Master Horner<br><br>Interim Attorneys' Fees and<br>Costs Decision |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA*, for petitioner.
*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC*, for respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On April 17, 2020, petitioner moved for an award of interim attorneys' fees and costs in the amount of $31,871.14.  (ECF No. 42.)  In response, respondent deferred to the special master regarding both the amount and appropriateness of an award of interim attorneys' fees and costs.  (ECF No. 44.)  However, respondent did note that "respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2.)  For the reasons discussed below, I award petitioner interim attorneys' fees and costs in the reduced amount of $31,383.14.

### I.  Procedural History

On July 17, 2017, petitioner filed this claim, under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that as a result of his July 21, 2014 pneumococcal conjugate ("Prevnar 13") vaccination he suffered rheumatoid arthritis.  (ECF Nos. 1, 23.)  This case was first assigned to Special Master Millman.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

1

(ECF No. 4.) On August 13, 2018, respondent filed his Rule 4(c) report, recommending against compensation. (ECF No. 28.)

Subsequently, on December 13, 2018, petitioner filed an expert report from Dr. Samar Gupta in support of his claim. (ECF No. 31.) In response, respondent filed expert reports from Dr. Robert W. Lightfoot and Dr. You-Wen He. (ECF No. 34.) On March 25, 2019, Special Master Millman placed this case in a queue for the scheduling of a hearing once this is transferred to another special master upon her retirement. (ECF No. 39.) This case was reassigned to my docket on June 6, 2019. (ECF No. 41.)

Petitioner filed the instant motion for interim attorneys' fees and costs along with General Order No. 9 representing petitioner's costs on April 17, 2020, respondent filed his response on May 1, 2020, and petitioner filed no reply. (ECF Nos. 42-44.) Accordingly, petitioner's motion for interim attorneys' fees and costs is now ripe for resolution.

## II. An Award of Interim Attorneys' Fees and Costs is Appropriate

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). In his response, respondent indicated that the statutory requirements were met in this case. (ECF No. 44, p. 2.) I agree.

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352. In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.* In denying an interim fee award, the *Avera* court reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal." *Id.* In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.

Here, petitioner's request for interim attorneys' fees and costs is made after more than two years of litigation within the entitlement phase of this case and after petitioner incurred costs for providing an expert report to support his claim. Additionally, this case has been queued for the scheduling of an entitlement hearing. Thus, the timing of the ultimate resolution of this case remains unknown. Accordingly, I find that petitioner's request for an award for interim attorneys' fees and costs is reasonable at this juncture.

### III.     Reasonableness of the Requested Award

#### a. Attorneys' Fees

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1347.  This is a two-step process.  *Id.* at 1347-48.  First, a court determines an "initial estimate…by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Avera*, 515 F.3d at 1348 (citation and quotation omitted).  The decision in *McCulloch* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motions for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Office of Special Masters has subsequently updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, 2019 and 2020 can be accessed online.[2]

In this case, petitioner is seeking $23,383.30 in interim attorneys' fees for work performed in 2017 through 2020.  I have reviewed the billing records submitted with petitioner's request, and in my experience, the hourly rates billed for 2017 through 2020 for attorney time, paralegal time, and law clerk time,[3] are all reasonable and also in accord with prior awards made by other special masters.

Turning next to hours expended, special masters may rely on their experience within the Vaccine Program to determine the reasonable number of hours expended.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Special masters have

---

[2] Each of the Fee Schedules for 2015 through 2020 can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules for 2017, 2018, 2019, and 2020 are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

[3] Petitioner requests an hourly rate of $205 for law clerk work for 2019.  This is not within the range the Office of Special Masters has typically awarded law clerks for work performed in 2019.  However, upon my review, there is only one entry billed at this rate for 0.10 hours, and thus no reduction is made at this time since the difference is *de minimis*.

previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  Additionally, special masters have previously found it reasonable to reduce the fees paid to petitioners due to billing for intra-office communication.  *Soto v. Sec'y of Health & Human Servs.*, No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011); *Carcamo v. Sec'y of Health & Human Servs.,* No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011).  Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

After reviewing the billing records, I find that counsel included entries that are duplicative and excessive due to attorneys and paralegals billing for reviewing the same orders and attending the same meetings.  Since Joseph Pepper was the lead attorney in this case, handling the majority work, for duplicative and excessive entries only hours billed by Mr. Pepper are awarded.  Additionally, I find that counsel included entries solely for drafting case memos for intra-office communication.  These billing entries result in a reduction of **$488.00** of the interim fee award.[4]

### b. Interim Attorneys' Costs and Petitioner's Costs

Attorneys' costs must be reasonable as well.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs.").  In this case, petitioner seeks $8,069.20 in interim attorneys' costs, including expenses incurred in obtaining medical records, traveling to meet with petitioner, and retaining Dr. Gupta.  Additionally, petitioner requests $418.64 in personal costs, consisting of the filing fee and mailing costs incurred when petitioner was *pro se*.  I have reviewed the expense records and supporting documentation submitted with petitioner's request, and I find that the requested interim attorneys' costs and personal costs are all reasonable.

---

[4] There were many instances where Mr. Pepper, Mr. Homer, and/or a paralegal would bill for reviewing the same court orders and attending case meetings.  For example, there were duplicative and excessive billings on January 16, 2018, February 15, 2018, March 29, 2018, March 30, 2018, April 3, 2018, April 10, 2018, August 14, 2018, September 13, 2018, November 12, 2018, November 14, 2018, December 21, 2018, March 5, 2019, and March 20, 2020.  These billings result in a reduction of $410.50.  There were instances where either counsel or paralegal would bill 0.10 hours for drafting a case memo to another person in the office only, including on December 13, 2018, February 20, 2019, and April 10, 2020.  These billings result in a reduction of $77.50.

4

### IV.     Conclusion

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED** and petitioner is awarded $31,383.14, representing $22,895.30 in interim attorneys' fees, $8,069.20 in interim attorneys' costs, and $418.64 in petitioner's personal costs.

**Accordingly, I award a total of $31,383.14 as follows:**

- **A lump sum of $418.64 in the form of a check payable to petitioner; and**

- **A lump sum of $30,964.50 in the form of a check jointly payable to petitioner and her counsel, Ronald Craig Homer, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u><br>
Daniel T. Horner<br>
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.