# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-0954V

(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | Chief Special Master Corcoran |
| KEVIN MCGUINNESS, | * | |
| | * | |
| Petitioner, | * | Filed:  January 26, 2022 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Ronald Craig Homer,* Conway Homer, P.C., Boston, MA, for Petitioner.

*Claudia Gangi*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING ATTORNEY'S FEES AND COSTS**[1]

On July 17, 2017, Kevin McGuinness filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he suffered from seronegative rheumatoid arthritis ("RA"), after receipt of the pneumococcal conjugate vaccine (bearing the "Prevnar-13" tradename) in July 2014. Petition (ECF No. 1) at 1.

The claim was litigated for several years, and after reviewing the evidence I set the matter for a hearing, which was held on April 13, 2021. After the hearing, the parties submitted post hearing briefs, and after reviewing the evidence I issued a decision denying entitlement to

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

compensation. *See* Decision, dated October, 20, 2021. ECF No. 76 (the "Decision"). Petitioner did not opt to appeal my determination.

Mr. McGuinness previously sought and was awarded fees on an interim basis in April 2020. ECF No. 45. Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated January 10, 2022 (ECF No. 79). Petitioner requests a total of $42,684.03 in attorney's fees and costs ($35,040.80 in fees plus $7,643.23 in costs) for the work of multiple attorneys, including Mr. Ronald Homer, Mr. Joseph Pepper, Ms. Christina Ciampolillo, Ms. Meredith Daniels, Mr. Patrick Kelly, and a paralegal, from May 2020 to the present date. ECF No. 79 at 2.

Respondent reacted to the fees request on January 24, 2022. *See* Response, January 24, 2022 (ECF No. 80). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$42,684.03**.

## ANALYSIS

### I.   Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioner's claim was ultimately unsuccessful, but I find there was sufficient objective basis to entitle him to a fees and costs award. Petitioner's medical history established that he had seronegative RA and that he received the vaccines at issue. He offered *some* reasonable expert support for his claim, moreover, and his theories, however unpersuasively established, warranted a fair hearing. I also do not find that the theory that a vaccine can cause RA generally has yet been litigated enough in the Program to question a claim asserting it at the outset (although, given the recent trend of cases denying entitlement in this context, that day may soon be approaching).

Thus, in light of the extremely lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

|  | **2020** | **2021** | **2022** |
|---|---|---|---|
| **Ronald Craig Homer (Attorney)** | $447.00 | $447.00 | $447.00 |
| **Joseph Pepper (Attorney)** | $355.00 | $355.00 | - |
| **Chistina Ciampolillo (Attorney)** | $380.00 | $380.00 | - |
| **Meredith Daniels (Attorney)** | - | $350.00 | - |
| **Patrick Kelly (Attorney)** | - | $225.00 | - |
| **Paralegal** | $155.00 | $155.00 | $155.00 |

ECF No. 79 at 4–16.

Attorneys at Conway, Homer, P.C. have long been recognized to practice in forum, entitling them to commensurate rates established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-369V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The

4

requested rates for the attorneys are also consistent with what has previously been awarded in accordance with the Office of Special Masters' fee schedule.[5] *See Tafuri v. Sec. of Health & Human Servs.*, No. 18-1667V, 2020 WL 5032478, at *1 (Fed. Cl. Spec. Mstr. July 24, 2020). I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable,[6] and will therefore award it without adjustment.

### III.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $7,643.23 in outstanding costs, including medical record retrieval costs and costs associated with the work of a single expert, Samar Gupta, M.D. ECF No. 79 at 23. Dr. Gupta authored one expert report (ECF No.31-1), and submitted an invoice for a total of $6,750.00 (at an hourly rate of $500.00 for 13.5 hours of work). The total amount for his services was wholly reasonable for the work performed, and I do not find any reason to make any reductions. *Id*. All other requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety, and award a total of **$42,684.03,** reflecting $35,040.80 in attorney's fees and $7,643.23 in costs in the form of a check made jointly payable to Petitioner and his attorney Mr. Ronald C. Homer.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

[6] Although I am aware that in past cases special masters have occasionally expressed concerns about the Homer Firm's propensity to have multiple lawyers "touch" the same case, I have not found that this has resulted in excess billing, as the firm's lawyers generally calibrate the amount of work performed on a matter in proportion to their expertise and seniority.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.